| | |
|---|---|
| YUECHUAN SUN, derivatively on behalf of CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVEK GARIPALLI, JOSEPH WAGNER, ANDREW TOY, NATHANIEL S. TURNER, LEE SHAPIRO, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, JAMES RYANS,<br><br>    Defendants,<br><br>    and<br><br>CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>    Nominal Defendant. | Lead Case No. 3:21-cv-00311<br><br>Judge Aleta A. Trauger<br><br>**LEAD CASE** |
| MANTEG LUTHRA, derivatively on behalf of CLOVER HEALTH INVESTMENTS, CORP. f/k/a SOCIAL CAPITAL HEDOSOPHIA HOLDINGS CORP. III,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVEK GARIPALLI, JOSEPH WAGNER, ANDREW TOY, NATHANIEL S. TURNER, LEE SHAPIRO, CHAMATH PALIHAPITIYA, STEVEN TRIEU, IAN OSBORNE, JACQUELINE D. RESES, JAMES RYANS,<br><br>    Defendants, | Case No. 3:21-cv-00320<br><br>Judge Aleta A. Trauger<br><br>**MEMBER CASE** |

and

CLOVER HEALTH INVESTMENTS, CORP.
f/k/a SOCIAL CAPITAL HEDOSOPHIA
HOLDINGS CORP. III,

    Nominal Defendant.

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

This matter came before the Court for a hearing on _____, 2024. Tennessee Plaintiffs have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation and Agreement of Settlement dated February 2, 2024 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the following shareholder derivative actions with prejudice as to the Released Persons: (i) *Sun v. Garipalli, et al.*, Lead Case No. 3:21-cv-00311, pending in the U.S. District Court for the Middle District of Tennessee; (ii) *In re Clover Health Investments, Corp. Derivative Litigation*, Lead Case No. 1:21-cv-00191, pending in the U.S. District Court for the District of Delaware; (iii) *In re Clover Health Investments, Corp. Stockholder Derivative Litigation*, Index No. 655420/2021, pending in the Supreme Court of the State of New York County of New York; and (iv) *Davies v. Garipalli, et al.*, C.A. No. 2021-1016-SG, pending in the Delaware Court of Chancery;

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court has: (i) read and considered Tennessee Plaintiffs' Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation and the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Clover and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Clover shareholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, having found that sufficient grounds exist for entering this Order, the Court hereby ORDERS as follows:

This Order incorporates by reference the definitions in the Stipulation, unless otherwise defined in this Order.

1. The Court preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2. A hearing shall be held on _____, 202___, at___:___ __.m., before the Honorable Aleta A. Trauger , either in person at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 6C, 719 Church Street, Nashville, TN 37203, or by telephone or videoconference (in the discretion of

the Court), at which the Court will determine: (i) whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate, and should be finally approved by the Court; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released, and a Judgment substantially in the form attached as Exhibit D to the Stipulation should be entered; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) rule on such other matters as the Court may deem appropriate ("Settlement Hearing").

3. The Court may adjourn the Settlement Hearing without further notice to Current Clover Stockholders and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Current Clover Stockholders. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Current Clover Stockholders. Any Current Clover Stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or "Investor Relations" portion of Clover's website for any change in date, time, or format of the Settlement Hearing.

4. The Court approves the form, content, and requirements of the Notice, attached to the Stipulation as Exhibits C-1 and C-2, and finds that the dissemination of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. By no later than ten (10) business days after the date of entry of this Preliminary Approval Order, the Company (or successor in interest) shall: (1) post a copy of the Long-Form Notice and the Stipulation and exhibits thereto on the Investor Relations page of the Company's

website; (2) publish the Short-Form Notice in *Investor's Business Daily* and issue a press release with *GlobeNewswire*; and (3) file with the SEC the Long-Form Notice and Stipulation and exhibits thereto as exhibits to an SEC Current Report on Form 8-K. The Notice shall provide a link to the Investor Relations page on Clover's website where the Long-Form Notice and Stipulation and exhibits thereto may be viewed, which page will be maintained through the date of the Settlement Hearing. The Company shall be solely responsible for paying the costs and expenses related to providing notice of the Settlement.

6. By no later than fourteen (14) business days before the Settlement Hearing, the Company shall file with the Court an appropriate proof of compliance with the notice procedures set forth in this Order.

7. Any persons or entities who are record or beneficial owners of Clover stock as of the date of the Stipulation and who continue to own such Clover stock through the date of the Settlement Hearing ("Current Clover Stockholders") may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved; why the Judgment should not be entered thereon; or why the agreed-to Fee and Expense Amount or Service Awards should not be granted; provided, however, that no such person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon, including an award of attorneys' fees and expenses to Plaintiffs' Counsel, unless such person has filed with the Clerk of the Court and delivered (by hand, first-class mail, or express service) to counsel at the addresses stated below, a written, signed objection that: (i) identifies the case name and case number for the lead action, *Sun v. Garipalli*, Lead Case No. 3:21-cv-00311; (ii) states the objector's name, address, and telephone number, and if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (iii) contains a

representation as to whether the objector and/or his, her, or its counsel intends to appear at the Settlement Hearing; (iv) contains a statement of the objection(s) to any matters before the Court, the grounds for the objection(s) or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; (v) if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, identifies any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing; and (vi) includes (1) documentation sufficient to prove that the objector owned shares of Clover common stock as of the close of business on the date of execution of the Stipulation, (2) documentation sufficient to prove that the objector continues to hold shares of Clover common stock on the date of filing of the objection, and (3) a statement that the objector will continue to hold shares of Clover common stock as of the date of the Settlement Hearing. Documentation establishing ownership of Clover common stock must consist of copies of an official brokerage account statement, a screen shot of an official brokerage account, or an authorized statement from the objector's broker containing the information found in an account statement. Plaintiffs' Counsel and Defendants' Counsel are authorized to request from any objector additional information or documentation sufficient to prove his, her, or its holdings of Clover common stock. Any such objection must be filed with the Court no later than twenty-one (21) calendar days prior to the Settlement Hearing and delivered to each of the below-noted counsel such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing:

**Counsel for Plaintiffs:**

Brett D. Stecker
Shuman, Glenn & Stecker
300 Countryview Drive
Bryn Mawr, PA 19010

-and-

Timothy Brown
The Brown Law Firm, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017

**Counsel for Defendants:**

Scott A. Edelman
Jed M. Schwartz
Milbank LLP
55 Hudson Yards
New York, NY 10001

8. Any person or entity who does not make his, her, or its objection in the manner provided in this Order shall be deemed to have forever waived such objection and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Fee and Expense Amount, and Service Awards, unless otherwise ordered by the Court, and shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

9. Tennessee Plaintiffs shall file and serve papers in support of final approval of the proposed Settlement and in support of their motion for an award of attorneys' fees and expenses by no later than thirty-five (35) calendar days prior to the Settlement Hearing. If reply papers are necessary, they are to be filed and served by no later than seven (7) calendar days prior to the Settlement Hearing.

10. Until otherwise ordered by the Court, the Court stays all proceedings in the Tennessee Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be finally approved, the Court bars and enjoins Plaintiffs, the Company, and any Current Clover

Stockholders from directly or indirectly commencing, instituting, or prosecuting any of the Released Claims against any of the Released Persons in any court or tribunal.

11. Neither this Order nor any act or omission in connection therewith is intended to be, or shall be: (i) offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in these Actions or in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Order or the Stipulation; (ii) offered against any of the Plaintiffs' Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasing Parties that any of their claims are without merit, that any of the Released Persons had meritorious defenses, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasing Parties in these Actions or in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Order or the Stipulation; or (iii) construed against any of the Released Persons or the Plaintiffs' Releasing Parties as an admission, concession, or presumption that the consideration to be given in accordance with the Stipulation represents the consideration which could be or would have been recovered after trial.

This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

12. If the Settlement is terminated as provided in the Stipulation, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation or this Order, and this Order shall be without prejudice to the rights of Plaintiffs, Individual Defendants, and the Company, and the Parties shall each revert to their respective litigation positions in the Actions as of immediately prior to the execution of the Stipulation.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Aleta A. Trauger
United States District Judge